## DIANA LILIENTHAL v. FRED LILIENTHAL.[1]

December 27, 1929.

No. 27,600.

*Francis Muekel,* for appellant.
*George L. Angstman,* for respondent.

PER CURIAM.

Defendant appeals from an order of the district court awarding to plaintiff temporary alimony and attorney's fees, granting to her the custody of the child of the parties pending the action, and restraining defendant from disposing of a certain automobile.

The action was one for a separation or limited divorce, for reasonable alimony and attorney's fees, for custody of the child of the parties, and for possession of an automobile claimed as plaintiff's property.

The summons and complaint were issued on April 25, 1929. An affidavit by plaintiff for an order to show cause was made at the same time and, we infer, attached to the summons and complaint. Upon the summons, complaint and affidavit, the court commissioner

[1]Reported in 228 N. W. 351.

of the county, on the same day, issued an order for the defendant to show cause before the district court at the court house in Center City in the neighboring Chisago county on April 29, 1929, why he should not be required to pay a reasonable sum as alimony and court costs, why the child should not be left in plaintiff's custody, and why he should not be restrained from disposing of the automobile in question, all during the pendency of the action. Defendant was further ordered not to dispose of the automobile in the meantime. The summons, complaint and order to show cause were thereupon served on defendant on this same day, April 25, 1929.

The only objection raised by the defendant is that because the order to show cause was issued before service of the summons and complaint, although on the same day, the district court had no jurisdiction to hear the motion or order to show cause. All these things having been done on one day, this court is not required to divide the day into fractional parts. However an order to show cause is generally only an order shortening the time for the hearing of a motion. We know of no authority holding that an order to show cause may not be granted upon presentation of a summons, verified complaint and affidavit, before the summons has been actually served, if service is thereafter promptly made, so that defendant has the full time given by the order to appear in response thereto. No authorities are cited by appellant. It is quite common practice to attach to the summons and complaint in divorce cases a notice of motion or order to show cause, or more regularly both, fixing a time for hearing a motion for temporary alimony, attorney's fees, and other incidental relief. The summons and complaint, together with the notice and order to show cause, are then served on defendant. The office of the notice or order to show cause is not to obtain jurisdiction over defendant in the action but to notify him of the time and place of the hearing of the motion. When therefore defendant is served with summons and complaint and then or thereafter served with proper notice of motion or order to show cause, he has all the notice required and is bound thereby, and the court has jurisdiction to hear the motion.

Order affirmed.